UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

HANNAH C. SHAPIRO, individually,

    Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,
a Delaware corporation,

    Defendant.
_____/

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*,**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, HANNAH C. SHAPIRO, is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant GC SERVICES LIMITED PARTNERSHIP ("Defendant"), is a licensed consumer collection agency per Fla. Stat. § 559.553 and a foreign corporation primarily operating from offices located in Texas, but has offices in various other states, including New York and California.

5. Defendant regularly uses the telephone in a business, the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged consumer debt from Plaintiff; upon information and belief, the subject debt concerned Plaintiff's credit card, which she used to purchase food, clothing, and travel-related expenses.

9. Over the past year, Defendant called Plaintiff's cellular telephone line on multiple occasions in an effort to collect the aforementioned debt; the telephone calls from Defendant left a voicemail message, which was subsequently heard by Plaintiff.

10. Defendant called Plaintiff and left at least one message, which stated the following:

> *Hannah Shapiro, this is Christie Cowan. [inaudible] talk to you. Give me a call back today. The telephone number [inaudible] reach me at is 917-338-3566. Thank you.*

11. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12. The voicemail messages failed to properly disclose that Defendant is a debt collector in violation of 15 U.S.C § 1692e(11). *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*,

2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

13.   Defendant failed to disclose the purpose of the communication when the true purpose behind the call was to collect a debt from Plaintiff.  See generally, *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

14.   The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose.  See generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

15.   Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA.  *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

16.   Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant's voicemail messages failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C § 1692e(11). See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11))

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE

18. Plaintiff incorporates Paragraphs 1 through 15.

19. Defendant placed telephone calls to Plaintiff without making a meaningful disclosure of the true purpose behind Defendant's communications in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D. Fla. September 23, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 24th day of March, 2012.

                      SCOTT D. OWENS, ESQ.
                      664 E. Hallandale Beach Blvd.
                      Hallandale, Florida 33009
                      Telephone:  954-589-0588
                      Facsimile:  954-337-0666
                      scott@scottdowens.com

                      By:/s/ *Scott D. Owens*
                      Scott D. Owens, Esq.
                      Florida Bar No. 0597651